**The document below is hereby signed.**

**Dated: December 14, 2011.**

_S. Martin Teel Jr._
_____

**S. Martin Teel, Jr.**

**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLUMBIA

```
In re                        )
                             )
WESLEY KEVIN DAVIS,          )    Case No. 11-00903
                             )    (Chapter 7)
            Debtor.          )    Not for Publication in
                             )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR
TEMPORARY WAIVER OF THE PREPETITION CREDIT COUNSELING
REQUIREMENT AND TO SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED

On his Exhibit D, the debtor has requested a temporary waiver of the prepetition credit counseling requirement based upon exigent circumstances. In support of that request, the debtor states simply that he "did not have internet access." The debtor has also filed a credit counseling certificate reflecting that he obtained the requisite counseling on December 5, 2011, three days after the filing of the petition. For reasons explained in more detail below, the court will deny the debtor's request for a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h).

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing

that outlines the opportunities for available credit counseling
and assists the individual in performing a related budget
analysis from an approved non-profit budget and credit counseling
agency during the 180-day period preceding the date of the filing
of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive
this requirement temporarily if (i) the debtor certifies that
there are exigent circumstances that merit a waiver of the credit
counseling requirement, (ii) the debtor certifies that he
requested credit counseling services from an approved non-profit
budget and credit counseling agency before he filed his petition,
but was unable to obtain the necessary services within seven days
of the request, and (iii) the debtor's certification is
satisfactory to the court.  This exemption applies only for the
first thirty days following the filing of the debtor's petition,
although the court may grant a fifteen day extension of the
exemption for cause.  11 U.S.C. § 109(h)(3)(B).

The debtor has not described any circumstances that qualify
as exigent circumstances within the meaning of 11 U.S.C. §
109(h)(3)(A)(i), and the request for temporary waiver could be
denied on that basis alone.  Moreover, the debtor has failed
adequately to describe any prepetition request he made for credit
counseling services from an approved non-profit budget and credit
counseling agency (and has likewise failed to explain why he was

2

unable to obtain the necessary services within seven days of making such a request).  Finally, if the debtor contends that he was altogether unable to make a request for credit counseling based upon his lack of internet access, the court would note that credit counseling is available through means other than the internet, and the mere lack of internet access does not excuse a debtor from the prepetition credit counseling requirement of 11 U.S.C. § 109(h).  It thus appearing that the debtor is ineligible for waiver, it is

ORDERED that the debtor's request for a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h) based upon exigent circumstances is DENIED.  It is further

ORDERED that within 7 days after entry of this order, the debtor shall either file a valid prepetition credit counseling certificate or show cause, by a writing filed with this court, why this case ought not be dismissed based upon the debtor's ineligibility to be a debtor pursuant to 11 U.S.C. § 109(h).


[Signed and dated above.]

Copies to:
Debtor; Chapter 7 Trustee; Office of United States Trustee.